UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD,<br>　　　Plaintiff, | Case No. 1:17-cv-127 |
| vs | Barrett, J.<br>Bowman, M.J. |
| DAVID DUNLAP, et al.,<br>　　　Defendants. | |

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's pro se motion to investigate and motion to amend (Docs. 12, 13) and the parties' responsive memoranda. (Docs. 14, 15). Upon careful review, the undersigned finds that Plaintiff's motions are not well-taken.

**I. Background and Facts**

On March 10, 2017, Plaintiff an inmate at Ohio's Southern Ohio Correctional Facility ("SOCF"), in Lucasville, Ohio, filed a complaint under 42 U.S.C. § 1983 against named and served Defendants Dunlap, Hawk, and Bradley. The Complaint alleges that the Ohio Department of Rehabilitation and Correction ("ODRC") personnel denied Plaintiff's attempt to file a grievance because Plaintiff was on restriction.

Plaintiff now moves to amend his complaint to include allegations that on September 8, 2016, he filed a civil action against ODRC pertaining to negligent actions of David Dunlap and co-workers. Plaintiff further asserts that he submitted a complaint to the institutional inspector on 8/27/16 and on 10/7/16. He then alleges that Corrections Officer ("C/O") Dunlap filed a false conduct report in retaliation for filing a lawsuit and complaint against him violating Plaintiff's rights under the First Amendment of the U.S.

Constitution. As a result of the alleged false conduct report, Plaintiff contents that he spent six months in disciplinary housing.

Plaintiff has also filed a motion to investigate, wherein he appears to allege that his mail has been tampered with by unknown administrative staff. As such, he asks the Court to investigate the "systematic retaliation concerning Plaintiff." (Doc. 13 at 1). Accordingly, Plaintiff's motion to investigate appears to be an additional request to amend his complaint.

### III. Plaintiff's motions (Docs. 12, 13) are not well-taken

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc.,* 2009 WL 3154241 (6th Cir.2009); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir.2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso,* 233 F.3d at 421.

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817

(6th Cir.2005). To survive a motion to dismiss, a Complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570).

Here, Plaintiff's proposed amendments are not well-taken. As noted by Defendants, Plaintiff is a serial litigator with several cases against numerous Defendants with a diverse array of claims brought against numerous staff at SOCF. Plaintiff has a recently been refusing mail from the Court and defendants. Plaintiff's prior filings also indicate a pattern of continually attempting to amend his complaint to add various claims and facts that are unrelated to the present complaint. Such is the case here.

Here, the proposed amendments are not tangential to this action, *i.e.*, Plaintiff's alleged denial of filing a grievance while on restricted status. See *CareToLive v. von Eschenbach*, 525 F. Supp. 2d 952, 971 (S.D. Ohio 2007). Accordingly, such amendments would prejudice defendants and shift the scope and nature of this litigation. *Id.*, citing *Cottman Transmission Sys., LLC v. Kershner*, 492 F.Supp.2d 461, 473 (E.D.Pa.2007) (denying motion to amend because it "would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action").

For these reasons, it is therefore **RECOMMENDED** that Plaintiff's motions (Docs. 12, 13) be **DENIED.** [1]

                                             *s/Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

---

[1] This recommendation does not prevent Plaintiff from filing a new action for claims that are unrelated to this action. See *CareToLive,* 525 F. Supp. 2d at 971.

3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JERONE MCDOUGALD,
    Plaintiff,

vs

DAVID DUNLAP, et al.,
    Defendants.

Case No. 1:17-cv-127

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).