UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jerone McDougald,

    Plaintiff,

-vs-

David Dunlap, *et al.*,

    Defendants.

:

Case No. 1:17cv127

District Judge Barrett
Magistrate Judge Bowman

## ORDER

This matter is before the Court on the magistrate judge's October 19, 2017 report (Doc. 16) recommending denial of: (1) Plaintiff's Motion for Leave to Amend Complaint (Doc. 12); and (2) Plaintiff's Motion to Investigate (Doc. 13). On November 2, 2017, Plaintiff timely filed objections. (Doc. 17). Despite an opportunity to do so, Defendants did not file a response. This matter is now ripe for review.

By way of background, Plaintiff is an inmate the Southern Ohio Correctional Facility (SOCF), and brings this *pro se* action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The magistrate judge summarized the procedural history of this case, which will not be restated here, except as necessary to address Plaintiff's objections.

This Court shall consider objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."

1

*Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve issues for review:  "[a] general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object."  *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991).  A district judge's review of objections to a report and recommendation should not be duplicative. *Id.*  "Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge." *Renchen v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 29910 at *3-4 (S.D. Ohio Mar. 11, 2015) (citing *Howard*, 932 F.2d at 508-09).

Here, the undersigned is unable to ascertain from Plaintiff's papers any objection that alerts the undersigned to the alleged, *specific* errors on the part of the magistrate judge.  With respect to his motion for leave to amend (Doc. 12), Plaintiff largely just restates the Rule 15 standard.  With respect to his motion to investigate (Doc. 13), in which he asks the Court to investigate the "systematic retaliation concerning Plaintiff" (Doc. 13 at 1), Plaintiff states no grounds for disturbing the recommendation of the magistrate judge.  And, having reviewed the magistrate judge's report on this non-dispositive matter, the Court finds no portion to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

Therefore, in accordance with the above, the Court **ADOPTS** the report (Doc. 16) of the magistrate judge.  Plaintiff's Motions (Doc. 12; Doc. 13) are **DENIED**.

**IT IS SO ORDERED.**

                                                         s/ *Michael R. Barrett*
                                               Hon. Michael R. Barrett
                                               United States District Judge