**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JERONE MCDOUGALD,<br>    Plaintiff, | Case No. 1:17-cv-127 |
| vs | Barrett, J.<br>Bowman, M.J. |
| DAVID DUNLAP, et al.,<br>    Defendants. | |

**REPORT AND RECOMMENDATION**

### I.   Background

On March 10, 2017, Plaintiff ("McDougald"), an inmate at Ohio's Southern Ohio Correctional Facility ("SOCF"), in Lucasville, Ohio, filed a complaint under 42 U.S.C. § 1983 against named and served Defendants Dunlap, Hawk and Bradley alleging their violation of constitutional rights related to flooding occurring in McDougald's cell.

On January 31, 2018, Defendants filed a motion for summary judgment, wherein defendants assert they are entitled to judgment as a matter of law.  (Doc. 20).  Plaintiff failed to file any timely response. Thereafter, on March 22, 2018, the undersigned ordered Plaintiff to "show cause" on or before April 13, 2018 why the Defendants' motion for summary judgment should not be construed as unopposed and granted for the reasons stated. (Doc. 27).  Plaintiff responded to the show cause order and requested additional time in which to file his response to Defendants motion for summary judgment.  (Doc. 29). In light of Plaintiff's response to the Show Cause Order, the Court granted Plaintiff one final opportunity to respond to Defendants' dispositive motion and rescinded the prior Order to Show Cause. (Doc. 30).  Plaintiff was also granted a final extension of time, through and including April 25, 2018, in which to respond to Defendants' motion for

summary judgment. The Order explicitly stated: **No further extensions of time shall be granted. Plaintiff is further cautioned that his response must be filed with the Court by the April 25, 2018 deadline, or Defendants' motion will be construed as unopposed.** (Doc. 30). Plaintiff did not timely comply with the Courts Order and has not filed any response to Defendant's motion for summary judgment.

## II. Analysis

Plaintiff failed to comply with the Court's most recent "show cause" order. The Defendants' unopposed motion for summary judgment has now been pending for five months. The undersigned has reviewed that motion and finds it well-reasoned and well-supported.

Based upon the grounds advocated by the Defendants, they are entitled to judgment as a matter of law because: (1) Plaintiff's claims are barred by the Leaman Doctrine which bars him from bringing this case because he brought these claims before the Ohio's Court of Claims; (2) Defendants are entitled to qualified immunity because they acted reasonably under the circumstances; and (3) Plaintiff failed to provide any evidence that his constitutional rights were violated. Defendants persuasively argue that Plaintiff has failed to show the existence of any genuine issue of material fact to support any of the elements of his failure to protect claim under the Eight Amendment, and that they are each entitled to qualified immunity in their respective individual capacities.

Last but not least, this case should be dismissed based upon Plaintiff's failure to file any timely response to the Court's "show cause" order, which amounts to a failure to prosecute. Plaintiff was explicitly warned in the Court's last order that a failure to respond "will result" in the recommendation that the Defendants' motion be granted.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion for summary judgment (Doc. 20) be **GRANTED** for the reasons stated and alternatively, that judgment be entered in Defendants' favor with prejudice based upon Plaintiff's failure to prosecute, and that this case be **CLOSED.**

    *s/Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JERONE MCDOUGALD,<br>　　Plaintiff, | Case No. 1:17-cv-127 |
| vs | Barrett, J.<br>Bowman, M.J. |
| DAVID DUNLAP, et al.,<br>　　Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).